FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------ x

BROAD BEAM MEDIA, INC.                )       Index No.
                                      )
            Plaintiff,                )
                                      )
    -against-                         )
                                      )       SUMMONS
BLUEWATER MEDIA, LLC, and             )
ANDREW LATIMER,                       )
                                      )
            Defendants.               )
                                      )
------------------------------------------------ x

TIME: _4:44p t_

DATE: _2/7/19_

SERVER: _____

ID #: _AIK2443_

To the above-named Defendant:

Bluewater Media, LLC
14375 Myer Lake Circle
Clearwater, Florida 33760

    You are hereby summoned to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to service a notice of
appearance, on the Plaintiff's attorney within 20 days after the serve of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

    The basis of venue is CPLR § 509, which allows the plaintiff of an action to designate the
place of trial.

Dated: New York, New York
       February 4, 2019

JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306


By:/s/ Harold K. Gordon
    Harold K. Gordon
    Jennifer L. Del Medico
    Ilene B. Tannen
    Attorneys for Plaintiff
    Broad Beam Media, Inc.

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------- x
BROAD BEAM MEDIA, INC.,            )     Index No.
                              )
          Plaintiff,       )
                              )
  -against-               )
                              )
BLUEWATER MEDIA, LLC, and   )
ANDREW LATIMER,          )
                              )
          Defendants.    )
                              )
------------------------------------------------- x

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Broad Beam Media, Inc. ("Broad Beam" or "Plaintiff"), by and through its

counsel, Jones Day, for its Complaint in the above-captioned action, alleges as follows:

### NATURE OF THE ACTION

1.    This is an action to permanently enjoin Defendants Bluewater Media, LLC

("Bluewater") and its Chief Executive Officer Andrew Latimer ("Latimer," together with

Bluewater, "Defendants") from engaging in (i) deceptive business practices in violation of New

York General Business Law ("N.Y. GBL") § 133, (ii) infringement of Plaintiff's trade name and

common law service mark, and (iii) unfair competition under New York common law. Plaintiff

also seeks declaratory relief pursuant to CPLR § 3001.

2.    Plaintiff and Bluewater are competitors in the media services industry, including

media buying. Media buyers act as agents for their advertiser clients and are responsible, among

other things, for buying advertising on behalf of their clients.

3.    Broad Beam Media, Inc. was formed to provide advertising agency services using

assets it acquired and employees that it hired from an agency that was going out of business. To

promote its advertising agency services, Plaintiff registered the internet domain name "www.BroadBeamMedia.com." Plaintiff also applied to register the service mark BROAD BEAM MEDIA.

4.    Upon information and belief, Defendants registered and engaged in the unauthorized use of an internet domain name (URL), www.BroadBeamMedia.net (the Defendants' "Domain Name"), which incorporates Plaintiff's trade name and service mark and is virtually identical to Plaintiff's domain name. The website at the Domain Name (the "Site") displayed a virtually identical service mark—BROADBEAM MEDIA—with the intent to deceive the commercial public and to interfere with and divert Plaintiff's business and business opportunities to Defendants. To accomplish these objectives, the Site also included a link directly to Defendants' website, "www.Bluewatermedia.tv," to lure the unsuspecting commercial public to click on the link, which redirected users to Bluewater's website offering media buying services that are in direct competition with Plaintiff's business.

5.    When Plaintiff discovered this ruse, it notified Defendants that it had discovered their improper conduct and directed Defendants to cease and desist. While the offending mark appears to have been removed from Defendants' Site, which now displays a statement that the Site is "currently unavailable," the Site may be reactivated at any time. Despite Plaintiff's demand, Defendants have (i) refused to provide assurances that they will not resume use of the Domain Name or otherwise refrain from infringing Plaintiff's valuable intellectual property rights in the future; and (ii) denied that Plaintiff had the legal right to insist that Defendants cease improper conduct. As a result, Plaintiff was forced to commence this action.

2

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Defendants under CPLR § 302(a)(1) because, upon information and belief, Defendants transact business within New York and supply services in the State of New York. Bluewater's website boasts that its media buying business has placed commercials in "all major networks over the past 15 years." In addition, Bluewater's website highlights its work for clients nationwide, including New York County-based MetLife.

7.      In addition, the Court has personal jurisdiction under CPLR § 302(a)(3)(ii) because Defendants committed tortious acts outside of New York which they expected or should have reasonably expected would cause injury to Plaintiff in New York and, upon information and belief, Defendants derive substantial revenue from interstate commerce.

8.      Venue is proper in this county pursuant to CPLR § 509.

## THE PARTIES

9.      Plaintiff Broad Beam Media, Inc. is a corporation domesticated in the State of Delaware and registered to do business in the State of New York, with its principal place of business at One Blue Hill Plaza, Pearl River, New York 10965.

10.     Upon information and belief, Defendant Bluewater Media, LLC is a limited liability company organized and existing under the laws of the State of Florida with a principal place of business at 14375 Myer Lake Circle, Clearwater, Florida 33760.

11.     Upon information and belief, Defendant Andrew Latimer is the Chief Executive Officer of Bluewater and resides in St. Petersburg, Florida.

3

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

## FACTS

### Plaintiff's Use Of The Trade Name And Mark In Connection With Its Media Buying Business

12.    On January 8, 2019, Broad Beam Media, LLC was established in Delaware by a subsidiary of Active Media Services, Inc. dba Active International ("Active International") for use in connection with the purchase of the media buying business assets of third party, DTR Advertising Inc. ("DTR") d/b/a Mercury Media, and using those assets to operate an advertising agency business serving DTR's former clients. Ten days later, a certificate of conversion was filed with the Delaware Secretary of State changing the entity's name from Broad Beam Media, LLC to Broad Beam Media, Inc.

13.    On January 7, 2019, the day before Broad Beam Media, LLC was formed, Plaintiff registered the domain name www.BroadBeamMedia.com to host its commercial website for its advertising agency business and media buying services.

14.    On January 9, 2019, Plaintiff began to use the trade name BROAD BEAM MEDIA in commerce in connection with rendering its advertising agency and media services. Around this time, many of Plaintiff's clients issued industry standard letters, known as Agency of Record letters ("AORs"), directed to advertising media providers announcing that Plaintiff, operating under the trade name and service mark BROAD BEAM MEDIA, had been designated and authorized Plaintiff to act as their agent for purchasing and placing orders for advertising media purchasing on their behalf and directing the advertising media providers to send invoices for such media to Plaintiff at its headquarters in Pearl River, New York. These AORs were immediately delivered to the media vendors for the advertiser clients. Plaintiff also had these clients execute industry standard media authorization forms ("MAFs") displaying Plaintiff's trade name and mark BROAD BEAM MEDIA, which authorized Plaintiff to purchase the

4

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM

NYSCEF DOC. NO. 1

INDEX NO. 151222/2019

RECEIVED NYSCEF: 02/04/2019

advertising media services described in the MAF forms on behalf of its clients from the vendors that received the AORs.

### Defendants Infringe Plaintiff's Trade Name And Mark

15.     Upon information and belief, Defendants were well aware of Plaintiff's use of the trade name and mark BROAD BEAM MEDIA in connection with Plaintiff's advertising agency and media buying business prior to engaging in its infringing conduct.

16.     In late 2018, Bluewater made three unsuccessful bids to acquire DTR's advertising agency and media buying business assets, losing out to Plaintiff's parent company, Active International. After DTR rejected Bluewater's inferior bids, Bluewater commenced an aggressive and vindictive campaign to frustrate the sale of DTR's media buying business to Active International and to destroy the value of DTR's assets involved in the sale by making false and defamatory statements about DTR and its financial condition. Multiple false, defamatory and disparaging statements were made by Defendant Latimer, by the President of Bluewater's Media Division, and by at least one Bluewater employee, directly to DTR's clients, consultants to DTR's clients, DTR's employees, and its financial consultant. As a result, in December 2018, DTR filed a defamation action in federal court against Defendants and another Bluewater executive.

17.     Upon information and belief, in furtherance of its campaign to frustrate the sale of DTR's media business to Active International's newly formed affiliate Broad Beam Media, Inc. and to deceive the consuming public, Defendants registered the domain name "www.BroadBeamMedia.net" on January 18, 2019, approximately 10 days after Plaintiff formed its company under the trade name BROAD BEAM MEDIA. Using this URL, Defendants then erected a website that featured the name "Broadbeam Media" and contained a link connecting

5

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

anyone that clicked on the link directly to Bluewater's website.

18.     Upon information and belief, both www.BroadBeamMedia.net and www.BluewaterMedia.tv are owned by Defendants. Publicly available information indicates that both of the aforementioned domain names are hosted on the same server and point to the same IP address, 184.175.106.79, evidencing, like fingerprints connecting fingers to the hand of the owner, a common ownership relationship between the two domain names.

19.     Sometime between January 18 and 30, 2019, Defendants' Site at "www.BroadBeamMedia.net" became live on the Internet and available to the public.

20.     The Site included a large red banner at the top of the page containing the words "Broadbeam Media" and boasted "Brand Integration, Direct Response, advertising – we'll do it all for you. We know media." (emphasis added).

21.     Defendants' Site at the infringing Domain Name invited users, lured to the Site by an internet search, such as the Google search engine, of the name Broad Beam Media, to "[c]lick here to get started with your project today!" and redirected the users to Bluewater's website at www.BluewaterMedia.tv. A true and correct copy of the webpage www.BroadBeamMedia.net, as it existed on January 30, 2019, is annexed hereto as Exhibit A.

22.     Defendants never used the mark BROADBEAM MEDIA or any similar mark until after Plaintiff first used the name and mark BROAD BEAM MEDIA in connection with its advertising agency and media buying business.

23.     Upon information and belief, Defendants were aware that Plaintiff was using the BROAD BEAM MEDIA name and mark to utilize the assets purchased from DTR and provide advertising agency services to DTR's former clients, and Defendants subsequently registered www.BroadBeamMedia.net and used BROADBEAM MEDIA to frustrate the transition of

6

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

DTR's clients to Plaintiff and to intentionally deceive and mislead the public.

**Plaintiff Becomes Aware Of Defendants' Infringement**

24.     On or around January 29, 2019, Plaintiff became aware of the existence of www.BroadBeamMedia.net and Defendants' infringement of Plaintiff's name and mark.

25.     The following day, Plaintiff's counsel spoke with Defendant Latimer and demanded that Defendants cease their unlawful conduct and cease using and take down the offending Site. Plaintiff's counsel followed up later on January 30, 2019 with a written cease-and-desist letter that asserted Plaintiff's legal right to the exclusive use of the trade name Broad Beam Media and demanded, among other things, that Defendants transfer the domain name "BroadBeamMedia.net" and any other domain names that include "broadbeam" to Plaintiff. To do so, Plaintiff demanded that Defendants request that their Registrar unlock the domain names(s) solely for transfer to Plaintiff and to send the transfer authorization code(s) to Plaintiff's counsel.

26.     Upon information and belief, on January 30, 2019, Defendant disabled the website at www.BroadBeamMedia.net. As of February 3, 2019, the text on the Site indicates that "[t]he web site that you are trying to reach is currently unavailable. Please try again later." See Exhibit B.

27.     Defendants never responded to Plaintiff's cease-and-desist letter. Receiving no response by the designated hour, on January 31, 2019, Plaintiff's counsel called Defendant Latimer, who informed Plaintiff that Defendants did not agree that Plaintiff's rights to the BROAD BEAM MEDIA mark were superior to theirs and that Defendants would not transfer any website(s) to Plaintiff. Nor did Latimer provide any assurances that Defendants would not restart the www.BroadBeamMedia.net Site and continue to engage in conduct infringing Plaintiff's name and mark or other unlawful competitive conduct.

7

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

## FIRST CAUSE OF ACTION
### Use of Name With Intent to Deceive the Public
### (N.Y. Gen Business Law § 133)

28.   The allegations of paragraphs 1 through 27 are hereby incorporated by reference.

29.   As of January 9, 2019, Plaintiff used the name BROAD BEAM MEDIA in commerce in connection with its media buying business.

30.   Subsequent to Plaintiff's use of the name and mark BROAD BEAM MEDIA and upon information and belief, Defendants, or someone on their behalf, registered the domain name www.BroadBeamMedia.net and used BROADBEAM MEDIA on the Site, which redirected users to Bluewater's website www.BluewaterMedia.tv, which offers services in direct competition with Plaintiff.

31.   Upon information and belief, Defendants selected and began their infringing use of "BroadBeamMedia.net" and BROADBEAM MEDIA to frustrate the sale of DTR's assets to Plaintiff and with the intent to deceive and mislead the public into believing that its services are the same as, sponsored by, or affiliated with those offered by Plaintiff.

32.   While the Site at www.BroadBeamMedia.net is "currently unavailable," upon information and belief, Defendants still control the "www.BroadBeamMedia.net" domain name and, given their prior conduct and denial of Plaintiff's superior rights, there are no assurances that Defendants will not continue using the Site to mislead the commercial public and injure Plaintiff's business.

33.   Defendants have refused to transfer "BroadBeamMedia.net" to Plaintiff, despite Plaintiff's superior rights in the name and mark BROAD BEAM MEDIA, and Defendants have refused to provide written assurances that they will not take further steps to infringe Plaintiff's mark and deceive the public.

8

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

34.    Plaintiff is thus entitled to and hereby requests a permanent injunction restraining Defendants from infringing Plaintiff's name and mark with the intent to deceive and mislead the public.

## SECOND CAUSE OF ACTION
### Service Mark and Trade Name Infringement (New York Common law)

35.    The allegations of paragraphs 1 through 34 are hereby incorporated by reference.

36.    At common law, Plaintiff owns the exclusive right to use the name and mark BROAD BEAM MEDIA in connection with its media services business based on the fact that Plaintiff was the first to use the name and mark in commerce, both interstate and intrastate within the State of New York.

37.    On or about January 9, 2019, Plaintiff adopted and began using the name and mark BROAD BEAM MEDIA in interstate and intrastate commerce in conjunction with its media buying business.

38.    As a result, BROAD BEAM MEDIA became associated with Plaintiff in the minds of the commercial public, including Plaintiff's clients and advertising media vendors, and Plaintiff thus owns the exclusive right to use BROAD BEAM MEDIA in connection with its business.

39.    Defendants' use of BROADBEAM MEDIA and domain name www.BroadBeamMedia.net in connection with Defendant Bluewater's media services business has, upon information and belief, caused and unless enjoined, is likely to continue to cause commercial consumers to be diverted, misled and confused about the source of the services.

40.    Thus, Defendants have infringed Plaintiff's common law rights in the name and mark BROAD BEAM MEDIA.

41.    As a direct and proximate cause of Defendants' common law service mark

9

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

infringement, Plaintiff has suffered and will continue to suffer loss of goodwill, which will increase if not enjoined, and Defendants have unfairly acquired goodwill.

42.   Upon information and belief, Defendants' infringement will cause further harm if Defendants are not enjoined by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for the harm it suffered and is continuing to suffer.

43.   Plaintiff is thus entitled to and hereby requests a permanent injunction restraining Defendants from future infringement of Plaintiff's common law service mark and trade name rights in BROAD BEAM MEDIA, barring Defendants' use of www.BroadBeamMedia.net, barring Defendants' use of BROADBEAM MEDIA or any similar name or mark in connection with Defendants' business, and such other injunctive relief as the Court deems just and proper to restrain Defendants' infringing activities.

### THIRD CAUSE OF ACTION
#### Unfair Competition (New York Common Law)

44.   The allegations of paragraphs 1 through 43 are hereby incorporated by reference.

45.   Upon information and belief, Defendants registered and first used www.BroadBeamMedia.net and BROADBEAM MEDIA with knowledge of Plaintiff's existing use of the name and mark BROAD BEAM MEDIA and with intent to infringe upon that mark.

46.   Plaintiff and Defendant are direct competitors in the same industry. Defendants acted unfairly in using Plaintiff's mark and name to lure commercial web searchers looking for Plaintiff and to divert the commercial public to Bluewater's website, which is in direct competition with Plaintiff.

47.   The bad faith conduct of Defendants, as alleged above, is likely to cause confusion among the public, including consumers of media buying services and media vendors, based on the similarity of www.BroadBeamMedia.net and BROADBEAM MEDIA to

10

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

www.BroadBeamMedia.com and BROAD BEAM MEDIA.

48.     By engaging in the unauthorized and infringing use of Plaintiff's name and mark to lure web users to Bluewater's website, Defendants knowingly misappropriated Plaintiff's goodwill and engaged in unfair competition.

49.     Plaintiff is thus entitled to and hereby requests a permanent injunction restraining Defendants' unfair competition, including without limitation, all of Defendants' business activities in which Defendants utilize Plaintiff's name and mark or intend to deceive the public by using Plaintiff's name and mark in connection with Defendants' business.

## FOURTH CAUSE OF ACTION
### Declaratory Judgment Action

50.     The allegations of paragraphs 1 through 49 are hereby incorporated by reference.

51.     Prior to Defendants' unauthorized use of BROADBEAM MEDIA to divert and lure web users to Bluewater's website offering media services, Plaintiff used, and continues to use, the name and service mark BROAD BEAM MEDIA in connection with Plaintiff's media buying business.

52.     Plaintiff, through counsel, demanded that Defendant Latimer transfer the infringing domain name www.BroadBeamMedia.net to Plaintiff.

53.     Defendant Latimer refused, asserting that Plaintiff did not have superior rights to the mark BROAD BEAM MEDIA.

54.     A valid and justiciable controversy exists between the parties regarding the rights in the name and mark BROAD BEAM MEDIA under New York common law.

55.     Plaintiff seeks a declaration that it has superior rights in the name and service mark BROAD BEAM MEDIA under New York common law.

56.     The requested declaratory judgment will serve a useful purpose of settling the

11

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

legal issue of rights to the BROAD BEAM MEDIA name and mark under New York common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff as to all causes of action and:

1.    Permanently enjoin and restrain Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them:

(a) from using, linking to, transferring, selling, exercising control over or otherwise owning "BroadBeamMedia.net" and any other domain name that contains or is confusingly similar to BROAD BEAM MEDIA;

(b) from using BROADBEAM MEDIA and any other name or mark that includes "BROADBEAM" or "BROAD BEAM" and any other confusingly similar uses of Plaintiff's name or mark, in association with Defendants' media services business and in any advertisements, domain names, websites, social media accounts, building signage, marketing, or sales materials; and

(c) from otherwise competing unfairly with Plaintiff in any manner.

2.    Order Defendants to permanently disband the website associated with the URL "BroadBeamMedia.net" and order Defendants to transfer the domain name "www.BroadBeamMedia.net" and any other domain names that include "broadbeam" to Broad Beam Media by requesting its Registrar to unlock the domain names(s) solely for transfer to Broad Beam Media and sending the transfer authorization code(s) to Plaintiff's counsel.

3.    Enter judgment in favor of Plaintiff with respect to each cause of action and declare pursuant to CPLR § 3001 that:

12

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

(a) Plaintiff has superior rights to the name and mark BROAD BEAM MEDIA under

New York common law;

(b) Defendants have infringed on Plaintiff's mark BROAD BEAM MEDIA in violation

of Plaintiff's rights under common law and/or New York law; and

(c) Defendants' use of BroadBeamMedia.net and BROADBEAM MEDIA violates N.Y.

GBL § 133.

4.    Award such other relief as this Court shall deem just and proper.

DATED:    New York, New York
          February 4, 2019

                              BROAD BEAM MEDIA, INC.,


                              By its attorneys
                              /s/ Harold K. Gordon
                              Harold K. Gordon
                              Jennifer L. Del Medico
                              Ilene B. Tannen
                              JONES DAY
                              250 Vesey Street
                              New York, New York 10281-1047
                              Telephone: (212) 326-3939
                              hkgordon@jonesday.com
                              jdelmedico@jonesday.com
                              ibtannen@jonesday.com
                              *Attorneys for Plaintiff*

13

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM
NYSCEF DOC. NO. 1

INDEX NO. 151222/2019
RECEIVED NYSCEF: 02/04/2019

## VERIFICATION

I, Alan S. Elkin, am the Chief Executive Officer for Plaintiff Broad Beam Media, Inc.

and Active Media Services, Inc., and I am authorized to make this verification on behalf of

Plaintiff. I have read the foregoing Verified Complaint and all the allegations of fact therein are

true and correct to the best of my personal knowledge or based on my review of Plaintiff's

records. As to all other matters in the Verified Complaint, which are stated to be on information

and belief, I believe them to be true on this same basis.

Alan S. Elkin

Sworn and subscribed before me
This 4th day of February, 2019

Notary Public

My Commission Expires: _April 8, 2022_

KATHERINE TORMEY
Notary Public, State of New York
No. 01TO5072484
Qualified in Rockland County
Commission Expires April 8, 20 22

14

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM

NYSCEF DOC. NO. 2

INDEX NO. 151222/2019

RECEIVED NYSCEF: 02/04/2019

# Exhibit A

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM  73% ▮▮▮  151222/2019
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 02/04/2019

🔒 broadbeammedia.net          ↻



# Get Started

Bluewater Media can help your vision come to life today. Need a professional TV commercial? How about a sweet web site? Brand integration, Direct Response, advertising — we'll do it all for you. We know media.

**Click here to get started with your project today!**

Copyright 2018 - VW One Page WordPress Theme

<                   

FILED: NEW YORK COUNTY CLERK 02/04/2019 05:54 PM

NYSCEF DOC. NO. 3

INDEX NO. 151222/2019

RECEIVED NYSCEF: 02/04/2019

# Exhibit B

🔒 broadbeammedia.net          ↻

System Status Checks OK v181105s.m3xs.net

The web site that you are trying to reach is
currently unavailable. Please try again later.

If you are the webmaster for this site, please
contact support@m3server.com
as soon as possible.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
Broad Beam Media, Inc.,

                              Plaintiff/Petitioner,

              - against -                                Index No.151222/2019
Bluewater Media, LLC, and Andrew Latimer

                              Defendant/Respondent.
---------------------------------------------------------------x
## NOTICE OF ELECTRONIC FILING
(Mandatory Commencement Case)
(Uniform Rule § 202.5-bb(a)(2)(v) and (vi))

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, was required to file this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

○ **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

○ **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

**If** you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:

      ○ serving and filing your documents electronically

      ○ free access to view and print your e-filed documents

      ○ limiting your number of trips to the courthouse

      ○ paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

● visit: www.nycourts.gov/efile-unrepresented or
● contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing Commencement Documents is Mandatory)**

Attorneys representing a party must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile.

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:  February 5, 2019

Harold K. Gordon
                Name

Jones Day
                Firm Name

250 Vesey Street
                        Address

New York, New York 10281-1047

(212) 326-3939
                        Phone

hkgordon@jonesday.com
                        E-Mail

To:   Bluewater Media, LLC

        14375 Myer Lake Circle

        Clearwater, Florida 33760

6/6/18